# SZAFERMAN LAKIND

**Szaferman, Lakind, Blumstein & Blader, P.C.**
Attorneys at Law

101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
p: 609.275.0400
f: 609.275.4511
www.szaferman.com

Arnold C. Lakind
Barry D. Szaferman
Jeffrey P. Blumstein
Steven Blader
Brian G. Paul+
Craig J. Hubert++
Michael R. Paglione*
Lionel J. Frank**
Jeffrey K. Epstein+
Stuart A. Tucker
Scott P. Borsack***
Daniel S. Sweetser*
Robert E. Lytle
Janine G. Bauer***
Daniel J. Graziano Jr.
Nathan M. Edelstein**
Bruce M. Sattin***
Gregg E. Jaclin**
Robert P. Panzer

Of Counsel
Stephen Skillman
Linda R. Feinberg
Paul T. Koenig, Jr.
Robert A. Gladstone
Janine Danks Fox*
Richard A. Catalina Jr.*†
Eric M. Stein**

Robert G. Stevens Jr.**
Michael D. Brottman**
Benjamin T. Branche*
Lindsey Moskowitz Medvin**
Mark A. Fisher
Tracey C. Hinson**
Robert L. Lakind***
Thomas J. Manzo**
Melissa A. Ruff
Jamie Yi Wang#
Bella Zaslavsky**
Blake J. Baron
Kathleen O'Brien

+Certified Matrimonial Attorney
++Certified Civil and Criminal Trial Attorney
*NJ & PA Bars
**NJ & NY Bars
***NJ, NY & PA Bars
#NY Bar
†U.S. Patent & Trademark Office

February 14, 2014

**SUBMITTED BY ECF**

Hon. Karen M. Williams
United States District Court
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 5C
Camden, NJ 08101

Re:  *Kasilag v. Hartford Inv. Fin. Servs., LLC*,
 Civil No. 1:11-cv-01083-RMB-KMW (D.N.J.)

Dear Judge Williams:

Plaintiffs write to provide an update regarding the status of discovery in the above matter and to request an in-person conference with the Court.

**Dispute Regarding Defendant's Production of ESI**

The parties previously informed the Court that they reached an impasse regarding certain issues relating to Defendant's production of electronically-stored information ("ESI"), including the search terms to be used to collect ESI for production and the custodians from whom ESI will be collected.[1]  After a new law firm appeared as additional counsel for Defendant in January 2014, Plaintiffs' counsel conferred with Defendant's new counsel regarding the parties' ESI disputes.  Those discussions did not result in an agreement.  Thus, it appears that the parties will

---

[1]  *See* Letter from R. Skinner to Hon. Karen M. Williams, dated Nov. 14, 2013 (attached as Exh. A); Letter from M. Fisher to Hon. Karen M. Williams, dated Nov. 21, 2013 (attached as Exh. B).  Because these exhibits include information designated "confidential" by Defendant, they have not been filed on the ECF system.  Plaintiffs will provide copies of the exhibits to the Court by Federal Express.

1038695.1



*Hon. Karen M. Williams, U.S.M.J.*
*February 14, 2014*

*Page 2*

not be able to reach agreement regarding, and move forward with, Defendant's production of ESI without the Court's intervention.

Plaintiffs believe that the Court should reject Defendant's objections and order Defendant to produce the ESI requested for all the reasons set forth in Plaintiffs' letter to the Court dated November 21, 2013 and attached as Exhibit B. If the Court believes further discussion of Defendant's objections would be beneficial, Plaintiffs request an in-person conference at the Court's earliest convenience.

**Delays in Defendant's Production of Non-ESI Materials**

In October 2013, after it became clear that the parties would not be able to reach agreement regarding production of ESI, and in an effort to make progress on fact discovery while the Court is considering the parties' ESI disputes, Plaintiffs asked Defendant to prioritize production of certain categories of non-ESI materials. Defendant represented to the Court in its November 14, 2013 letter that "its team of full-time reviewers continues to review materials daily for production" and that production of many of the non-ESI materials requested by Plaintiffs was "forthcoming." *See* Exh. A at 1-2.

Nevertheless, from October 5, 2013 through January 23, 2014—a period of more than 3 months—Defendant did not produce a single document. Defendant resumed producing documents on January 24, 2013, but only after Plaintiffs repeatedly followed up with Defendant and ultimately informed Defendant that they intended to bring the delays in Defendant's production to the Court's attention.

Moreover, although Defendant recently resumed producing documents, it still has not produced certain of the non-ESI materials requested by Plaintiffs. Specifically, Plaintiffs requested the "advisory materials" maintained by Defendant on behalf of the Funds[2] pursuant to Rule 31a-1(b)(11) under the Investment Company Act of 1940, 17 C.F.R. § 270.31a-1(b)(11), because those materials are relevant to the investment advisory services provided by Defendant to the Funds. Federal regulations require Defendant to preserve the advisory materials "in an easily accessible place." 17 C.F.R. § 270.31a-2(a)(2). Nevertheless, more than 3 months after Plaintiffs requested the advisory materials, Defendant still has not produced them or committed to produce them.

---

[2] The Funds are the following Hartford mutual funds, on behalf of which Plaintiffs assert claims for excessive investment advisory fees under Section 36(b) of the Investment Company Act of 1940: the Harford Capital Appreciation Fund, the Hartford Healthcare Fund, the Hartford Conservative Allocation Fund, the Hartford Growth Opportunities Fund, the Hartford Inflation Plus Fund, and the Hartford Balanced Fund.

**SZAFERMAN LAKIND**

Hon. Karen M. Williams, U.S.M.J.
February 14, 2014

Page 3

      Plaintiffs request that the Court address Defendant's failure to produce the advisory materials at the conference requested herein. Without these materials and the requested ESI, Plaintiffs are concerned about their ability to conduct effective depositions and complete discovery by the current deadline of September 5, 2014.

      We appreciate Your Honor's consideration of this matter.

Respectfully submitted,

**SZAFERMAN, LAKIND,
BLUMSTEIN & BLADER, P.C.**

/s/Robert L. Lakind
Robert L. Lakind

Enclosures

cc:    James N. Benedict (via email)
        Sean M. Murphy (via email)
        Amy D. Roy (via email)

1038695.1

# EXHIBIT A

# INTENTIONALLY OMITTED FROM PUBLIC FILING

# EXHIBIT B

# INTENTIONALLY OMITTED FROM PUBLIC FILING