# SZAFERMAN LAKIND

**Szaferman, Lakind, Blumstein & Blader, P.C.**
Attorneys at Law

101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
p: 609.275.0400
f: 609.275.4511
www.szaferman.com

Arnold C. Lakind
Barry D. Szaferman
Jeffrey P. Blumstein
Steven Blader
Brian G. Paul+
Craig J. Hubert++
Michael R. Paglione*
Lionel J. Frank**
Jeffrey K. Epstein+
Stuart A. Tucker
Scott P. Borsack***
Daniel S. Sweetser*
Robert E. Lytle
Janine G. Bauer***
Daniel J. Graziano Jr.
Nathan M. Edelstein**
Bruce M. Sattin***
Gregg E. Jaclin**
Robert P. Panzer

Of Counsel
Stephen Skillman
Linda R. Feinberg
Paul T. Koenig, J
Robert A. Gladston
Janine Danks Fox
Richard A. Catalina Jr.*
Eric M. Stein*

Robert G. Stevens Jr.*
Michael D. Brottman*
Benjamin T. Branche
Lindsey Moskowitz Medvin*
Mark A. Fishe
Tracey C. Hinson*
Robert L. Lakind**
Thomas J. Manzo*
Melissa A. Chimbang
Jamie Yi Warg
Bella Zaslavsky*
Blake J. Baron*
Kathleen O'Brien*

+Certified Matrimonial Attorne
++Certified Civil and Criminal Trial Attorne
*NJ & PA Bar
**NJ & NY Bar
***NJ, NY & PA Bar
#NY Ba
†U.S. Patent & Trademark Offic

MARCH 12, 2014

**VIA FEDERAL EXPRESS**

Hon. Renee Marie Bumb
United States District Court
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 3D
Camden, NJ 08101

  Re: *Kasilag v. Hartford Inv. Fin. Servs., LLC,*
     Civil No. 1:11-cv-01083-RMB-KMW (D.N.J.)

Dear Judge Bumb:

  Plaintiffs in the above-referenced action ("*Kasilag I*") write to advise Your Honor of a new action ("*Kasilag II*") filed with the court today as a related action to *Kasilag I*. Enclosed are courtesy copies of: (i) the Complaint in *Kasilag II*, (ii) the Case Information Sheet on which plaintiffs identified *Kasilag II* as related to *Kasilag I*, and (iii) a Joint Stipulation and [Proposed] Order, signed by counsel for all parties in *Kasilag I* and *Kasilag II*, providing for consolidation of *Kasilag II* with *Kasilag I*.

  *Kasilag II* involves the same legal claims and the same underlying facts and circumstances as *Kasilag I*. Like *Kasilag I*, the plaintiffs in *Kasilag II* are shareholders in certain Hartford mutual funds (the "Funds") and assert claims on behalf of the Funds against the Funds' investment adviser for breach of the adviser's fiduciary duty pursuant to Section 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(b) with respect to its fees.

  *Kasilag II* includes one additional plaintiff, Darin Dudek, suing on behalf of two additional Hartford mutual funds, the Hartford Floating Rate Fund and the Hartford Small Company Fund (the "Additional Funds"). The Additional Funds are subject to investment management fee arrangements that are substantially similar to those for the Funds at issue in *Kasilag I*, and Plaintiff Dudek challenges the fees paid by the Additional Funds for the same reasons as in *Kasilag I*.

1073371.1



Hon. Renee Marie Bumb
United States District Court
March 12, 2014

Page Two

Plaintiffs in *Kasilag II* assert a Section 36(b) claim against, and seek to recover excessive fees paid to, Hartford Funds Management Company, LLC ("HFMC"), which became the Funds' investment adviser effective January 1, 2013. HFMC replaced Hartford Investment Financial Services, LLC ("HIFSCO"), which previously served as the Funds' investment adviser and is the sole named defendant in *Kasilag I*.

The filing of a separate complaint in *Kasilag II* also is necessitated in order to protect plaintiffs' right to recover damages for periods subsequent to the filing of the complaint in *Kasilag I*. Defendant has taken the position that Section 36(b) allows for recovery of damages for *only* the one-year period *prior to* the filing of the complaint and does *not* allow for recovery of damages for any period *after* the complaint was filed. Plaintiffs disagree with any such limitation because (i) it is inconsistent with the plain language of Section 36(b), (ii) the challenged conduct is ongoing and continuous, and (iii) a majority of courts to have considered the issue have flatly rejected defendant's argument. Notably, in order to fully protect plaintiffs' rights, plaintiffs will be required to file a new action next year (and each successive year throughout the pendency of *Kasilag I*), unless the issue is resolved by stipulation or otherwise.

The parties have agreed that *Kasilag I* and *Kasilag II* should be consolidated in view of the substantial similarity between them. Therefore, we respectfully request that the Court sign the enclosed Stipulation and [Proposed] Order providing for consolidation of the two actions.

          Respectfully submitted,

          SZAFERMAN, LAKIND,
          BLUMSTEIN & BLADER, P.C.

By: _____
      Robert L. Lakind

RLL/jwk
Enclosures

c:    Hon. Karen M. Williams, U.S.M.J.
      James N. Benedict (by e-mail)
      Sean M. Murphy (by e-mail)
      Andrew W. Robertson (by e-mail)

1073371.1