# SZAFERMAN LAKIND

**Szaferman, Lakind, Blumstein & Blader, P.C.**
Attorneys at Law

101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
p: 609.275.0400
f: 609.275.4511
www.szaferman.com

Arnold C. Lakind
Barry D. Szaferman
Jeffrey P. Blumstein
Steven Blader
Brian G. Paul+
Craig J. Hubert++
Michael R. Paglione*
Lionel J. Frank**
Jeffrey K. Epstein+
Stuart A. Tucker
Scott P. Borsack***
Daniel S. Sweetser*
Robert E. Lytle
Janine G. Bauer***
Daniel J. Graziano Jr.
Nathan M. Edelstein**
Bruce M. Sattin***
Gregg E. Jaclin**
Robert P. Panzer
Benjamin T. Branche*
Eric M. Stein**

Of Counsel
Stephen Skillman
Linda R. Feinberg
Anthony J. Parrillo
Paul T. Koenig, Jr.
Robert A. Gladstone
Janine Danks Fox*
Richard A. Catalina Jr.*†
E. Elizabeth Sweetser

Robert G. Stevens Jr.**
Michael D. Brottman**
Lindsey Moskowitz Medvin**
Mark A. Fisher
Robert L. Lakind***
Thomas J. Manzo**
Melissa A. Chimbangu
Kathleen O'Brien
Steven A. Lipstein**
Yarona Y. Liang#
Brian A. Heyesey
Justin R. Calta
Mengyi "Jason" Ye
John O'Leary***
Carley Ward**

+Certified Matrimonial Attorney
++Certified Civil and Criminal Trial Attorney
*NJ & PA Bars
**NJ & NY Bars
***NJ, NY & PA Bars
#NY Bar
†U.S. Patent & Trademark Office

**VIA ECF AND FEDERAL EXPRESS**
The Honorable Karen M. Williams
Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

March 26, 2015

Re:  *Kasilag v. Harford Investment Financial Services, LLC,* No.  1:11-cv-1083 (RMB-KMW)

   *Sivolella v. AXA Equitable Life Insurance Company,* No. 3:11-cv-4194 (PGS-DEA)
   *Sanford v. AXA Equitable Funds Management Group, LLC,* No. 3:13-cv-312 (PGS-DEA)

Dear Judge Williams:

   This firm represents the Plaintiffs in the above referenced *Sivolella* and *Sanford* cases (the "FMG Case") and the *Kasilag* case (the "Hartford Case"). The Milbank firm is defense counsel to both FMG and Hartford. Plaintiffs write to seek the Court's intervention to resolve a dispute regarding the FMG Plaintiffs' right to use very limited discovery obtained in the Hartford Case to support their position in dispositive and other motions pending in the FMG Case.

   In the FMG Case, the parties recently filed dispositive and other motions. On March 20, 2015, FMG filed its opposition brief and made representations on a material factual issue that are flatly contradicted by documents produced in the Hartford Case.  Hartford, however, refuses to allow Plaintiffs to use these limited materials in support of their Reply Brief in the FMG Case, which is currently scheduled to be filed with the Court on May 4, 2015.

   By way of background, Defendants in both cases are mutual fund investment managers which Plaintiffs allege breached their fiduciary duty under Section 36(b) of the Investment Company Act of 1940 by charging excessive fees to Plaintiffs' Funds.  The Funds in the FMG case are managed by AXA Equitable Funds Management Group, LLC, ("FMG") and the funds in the Hartford case are managed by Hartford Investment Financial Services, LLC ("Hartford"). Both cases include substantially similar allegations of misconduct; that is Plaintiffs contend that

SZAFERMAN
LAKIND

the Defendants delegated to sub-advisers substantially all of the investment management services they agreed to provide to the Funds and paid the sub-advisers a small fraction of the total management fee paid by the mutual fund shareholders. Plaintiffs allege that the management fees retained by Defendants for the services they <u>actually</u> performed far exceeded the compensation that could have been the product of an arm's length deal, in breach of their fiduciary duty. *See, Kasilag v. Hartford Inv. Fin. Services, LLC,* No. 11-1083, 2012 WL 6568409 (D.N.J. Dec. 17, 2012) and *Sivolella v. AXA Equitable Life Ins. Co.,* No. 11-4194 2012 WL 4464040 (D.N.J. Sept. 25, 2012). For example, in 2012 alone for the 12 funds at issue in the FMG Case, FMG collected approximately $124 million in investment management fees, yet paid sub-adviser's only approximately $35 million to perform what Plaintiffs contend to be the vast bulk of the services FMG was contracted to perform.

The United States Supreme Court holds that one factor the courts are to consider in determining whether an investment manager's fee is excessive is "the profitability of the fund to the adviser," *Jones v. Harris Associates L.P.*, 559 U.S. 335, 345, n. 5, (2010). This factor is largely determined by the adviser's expenses.

One of the disputed facts in the FMG Case is the amount of expenses FMG genuinely incurs to operate the Plaintiffs' Funds. FMG's audited financial statements, and other credible evidence, reflects that it incurs about $13.5 million in expenses annually to operate all 90 funds FMG manages, including the Plaintiffs' 12 Funds. However, through an elaborate cost allocation methodology, FMG additionally claims a much greater amount of expenses <u>for profitability purposes only</u> that are allocated from its parent, AXA Equitable Life Insurance Company ("AXA Equitable"). Plaintiffs claim that these AXA Equitable allocated expenses are a sham because they are unrelated to FMG's services to Plaintiffs' Funds and utilized solely to artificially reduce FMG's enormous profitability attributable to fees it collects from Plaintiffs' Funds.

The FMG Defendants have repeatedly alleged in their briefs that the FMG cost allocation methodology is consistent with the practice in the industry and that other insurance companies use the same approach.[1] There is no evidence whatsoever that has been proffered in the FMG Case that any other insurance company uses the same approach as FMG. Furthermore, discovery provided in Hartford Case about Hartford's cost allocation methodology refutes FMG's assertion. It is this limited discovery pertaining to Hartford's cost allocation methodology that Plaintiffs now request permission from this Court to use in the FMG Case.

---

[1] *See e.g.,* Dkt. No. 72 pg. 11 and Dkt. No. 77 pg. 46) (Dkt references are to *Sanford v. AXA Equitable Funds Management Group, LLC,* No. 3:13-cv-312(PGS)(DEA)).

SZAFERMAN
LAKIND

March 26, 2015
Page 3

As mentioned above, Hartford has refused to allow Plaintiffs to use the limited Hartford materials at issue claiming the materials are confidential. This is odd given that FMG publicly filed similar documents in the FMG Case. Regardless, Plaintiffs appreciate that Hartford is not FMG and, therefore, offered to file the Hartford's materials under seal in the FMG Case. But, Hartford also rejected this proposal.

Accordingly, Plaintiffs now request the Court to either strike Hartford's confidentiality designations to these materials or otherwise permit their use in the FMG Case.

As an initial matter, Plaintiffs disagree that subject information is confidential in the first instance. The limited documents at issue and certain deposition testimony of one witness explaining the documents do not contain any business secrets or other sensitive information. No competitive harm will result if FMG or anybody else sees these materials. Moreover, this information rightfully belongs to the Hartford mutual fund and its shareholders – the Plaintiffs – who paid to have this material prepared.

Even if the Court finds that the Hartford Defendants have a legitimate business interest to protect, this finding does not foreclose the use of these materials by Plaintiffs in the FMG Case. The Third Circuit has held that "[c]ircumstances weighing against confidentiality exist … when the sharing of information among litigants would promote fairness and efficiency[,]" and that "[t]he sharing of information among current and potential litigants is furthered by open proceedings." *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 787 (3d Cir. 1994). *See also e.g., Glenmeade Trust Co. v. Thompson,* 56 F.3d 476, 484 (3d. Cir. 1996) and Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv. L. Rev. 427, 498-499 (1991) ("[W]hen the case[] in which the protected data would be used [is] not fused with the one in which it is originally produced and the relationship is somewhat attenuated … a collaborative approach … may be best [and] [t]he court … should communicate with the judge[] in the other pending action[] when that seems desirable."). It is not fair to deny the FMG Plaintiffs the right to present facts in support of their case, especially facts that clearly refute a material allegation made by FMG that is not true, simply because Hartford claims these facts are confidential.

If the Court deems it necessary to prevent the public and FMG from viewing this information about Hartford's cost allocation methodology, these materials may be designated as "Attorney's Eyes Only" under the discovery confidentiality order. *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 246-47 (E.D. Pa. 2014) )("[C]ourts can institute protective orders that require, for instance, that only outside counsel have access to the highly sensitive information … This prevents diminishing the value of the nonparty's proprietary material or providing a nonparty's competitors with information from which they can glean a commercial advantage."). Moreover, if FMG claims prejudice by such designation, the Court also has the



March 26, 2015
Page 4

option to allow FMG's in-house counsel to view the Hartford materials because in-house counsel like defense counsel is bound by professional and ethical responsibilities, and their conduct is subject to sanctions by the Court. *Boehringer Ingelhein Pharmaceuticals, Inc., v. Hercon Labs Corp.*, 18 U.S.P.Q. 2d 1166, 1168 (D.Del. 1990); *Avery Dennison Corp. v. Minnesota Mining & Mfg. Co.*, No. Civ. 1-125, 2001  WL 1339402,*2  (D. Del. Oct. 26, 2001)("Like outside counsel, in-house counsel is bound by professional and ethical responsibilities and their conduct is subject to sanctions.").

Hence, if the Court finds that Hartford has a protectable interest in its cost allocation materials, a protective order limiting FMG's access to attorneys' eyes only and requiring the documents to be filed under seal will fully protect those concerns, and at the same time allow an even playing field in the FMG case. It is clearly prejudicial to deny the FMG Plaintiffs the right rely on this highly relevant information to refute FMG's allegation about the "industry practice" of allocating expenses when that issue is so central to Plaintiffs' claims. It is equally clear that if the Court deems Hartford to have a legitimate confidentiality interest in these materials, there are several options available to the Court to protect those interests while at the same time allowing Plaintiffs to present this critical evidence in FMG case.

Given the May 4, 2015 dispositive motion briefing deadline in the FMG Case, Plaintiffs would greatly appreciate a conference call with the Court as soon as possible to discuss a resolution of this matter. The Court's consideration of this request is greatly appreciated. Plaintiffs have also sent a courtesy copy of this letter to the Honorable District Court Judge Sheridan and the Honorable Magistrate Judge Arpert, who are presiding over the FMG Case, to alert them of this matter.

Thank you.

Respectfully submitted,

Robert Lakind