Christopher A. Barbarisi
K&L GATES LLP
One Newark Center, Tenth Floor
Newark, NJ 07102
(973) 848-4000

Jeffrey B. Maletta (*pro hac vice* admission pending)
K&L GATES LLP
1601 K Street, NW
Washington, DC 20006-1600
(202) 778-9000

*Attorneys for Proposed Interveners*
*Wellington Management Group LLP*
*and Wellington Management Company LLP*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JENNIFER L. KASILAG, LOUIS MELLINGER, JUDITH M. MENENDEZ, JACQUELINE M. ROBINSON, and LINDA A. RUSSELL, *et al.*, <br> Plaintiffs, <br><br> vs. <br><br> HARTFORD INVESTMENT FINANCIAL SERVICES, LLC, <br> Defendants. | Civil Action No. 11-cv-1083 (RMB)(KMW) <br><br> and <br><br> Civil Action No. 14-cv-1611 (RMB)(KMW) |
| JENNIFER L. KASILAG, LOUIS MELLINGER, JUDITH M. MENENDEZ, JACQUELINE M. ROBINSON, LINDA A. RUSSELL, DENNIS RUSSELL, AND DARIN DUDEK, ON BEHALF OF AND FOR THE BENEFIT OF THE HARTFORD HEALTHCARE FUND, THE HARTFORD CONSERVATIVE ALLOCATION FUND, THE HARTFORD GROWTH OPPORTUNITIES FUND, THE HARTFORD INFLATION PLUS FUND, THE HARTFORD BALANCED FUND, THE HARTFORD CAPITAL APPRECIATION FUND, THE HARTFORD FLOATING RATE FUND, AND THE HARTFORD SMALL COMPANY FUND <br> Plaintiffs, <br> vs. <br> HARTFORD FUNDS MANAGEMENT COMPANY, LLC, <br> Defendant. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF WELLINGTON MANAGEMENT GROUP LLP AND WELLINGTON MANAGEMENT COMPANY LLP TO INTERVENE AND SEAL NON-PUBLIC FINANCIAL INFORMATION** <br><br> ORAL ARGUMENT REQUESTED <br><br> FILED ELECTRONICALLY |

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT .............................................................................................................................3

A.     INTERVENTION IS APPROPRIATE TO ALLOW WELLINGTON TO
PROTECT ITS CONFIDENTIAL FINANCIAL INFORMATION ...................................3

B.     THE WELLINGTON DOCUMENTS CONTAIN CONFIDENTIAL
INFORMATION ENTITLED TO PROTECTION AND SHOULD BE SEALED............5

     (a)     The Information At Issue Is Non-Public, Confidential Data Reflecting
Wellington's Revenues And Costs. ........................................................................7

     (b)     Wellington Has A Legitimate Interest In Sealing Its Financial Information
To Prevent Harm To Its Competitive Standing And There Is No
Countervailing Public Interest. .............................................................................7

     (c)     Failure To Seal The Confidential Financial Information Threatens Serious
Competitive Injury To Wellington..........................................................................9

     (d)     No Less Restrictive Alternative To Sealing Is Available. ....................................10

CONCLUSION.........................................................................................................................11

i

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bracco Diagnostics, Inc. v. Amersham Health, Inc.*,
No. 03-6025, 2007 U.S. Dist. LEXIS 51828 (D.N.J. July 18, 2007)................................6, 8, 9

*Erwin v. Waller Capital Partners, LLC*,
No. 10-3283, 2012 U.S. Dist. LEXIS 114169 (D.N.J. Aug. 14, 2012) ................................8, 9

*Glenmede Trust Co. v. Thompson*,
56 F.3d 476 (3d Cir. 1995)..................................................................................................5, 7

*Goldenberg v. Indel, Inc.*,
No. 09-5202, 2012 U.S. Dist. LEXIS 479 (D.N.J. Jan. 3, 2012)..................................5, 6, 7, 9

*Grant Heilman Photography, Inc. v. Pearson Educ., Inc.*,
No. 11-4649, 2012 U.S. Dist. LEXIS 59994 (E.D. Pa. Apr. 30, 2012) ................................8, 9

*Houston v. Houston*,
No. 08-5530, 2010 U.S. Dist. LEXIS 59028 (D.N.J. June 14, 2010)....................................11

*Kasilag v. Hartford Inv. Servs., LLC*,
No. 11-01083 (D.N.J. Nov. 14, 2011) ....................................................................................1

*Mosaid Techs. v. LSI Corp.*,
878 F. Supp. 2d 503 (D. Del. 2012).....................................................................................11

*Nixon v. Warner Communications, Inc.*,
435 U.S. 589 (1978)............................................................................................................6, 8

*Overton v. Sanofi-Aventis U.S., LLC*,
No. 13-05535, 2014 U.S. Dist. LEXIS 48945 .........................................................................6

*Pansy v. Borough of Stroudsburg*,
23 F.3d 772 (3d Cir. 1994)............................................................................................4, 5, 7, 8

*Publicker Indus., Inc. v. Cohen*,
733 F.2d 1059 (3d Cir. 1984)..................................................................................................5

*Republic of Philippines v. Westinghouse Electric Corp.*,
949 F.2d 653 (3d Cir. 1991)....................................................................................................6

*United States v. Dentsply International, Inc.*.........................................................................
187 F.R.D. 152 (D. Del. 1999) ..........................................................................................4, 5

*Vista India, Inc. v. Raaga, LLC*,
No. 07-1262, 2008 U.S. Dist. LEXIS 24454 (D.N.J. Mar. 27, 2008).......................................6

*Wolpert v. Abbott Labs.*,
    No. 08-4849, 2011 U.S. Dist. LEXIS 33173 (D.N.J. Mar. 25, 2011).......................................10

*Zenith Radio Corp. v. Matsushita Electric Indus. Co.*,
    529 F. Supp. 866 (E.D. Pa. 1981) .........................................................................................6, 8

**OTHER AUTHORITIES**

Civ. R. 5.3(c)(2) ...............................................................................................................................6

Federal Rule of Civil Procedure 24(b)....................................................................................1, 4, 5

Federal Rule of Civil Procedure 26(c) ............................................................................................2

Rule 24(b) of the Federal Rules of Civil Procedure .......................................................................3

L. Civ. R. 5.3................................................................................................................................6, 7

Local Civil Rule 5.3(c) ....................................................................................................................1

Local Rule 5.3(c)(2).........................................................................................................................7

Rule 56.1 ..........................................................................................................................................1

Proposed Interveners Wellington Management Group LLP and Wellington Management

Company LLP (collectively "Wellington") respectfully submit this Memorandum of Law in

Support of their: A) Motion to Intervene, pursuant to Federal Rule of Civil Procedure 24(b); and

B)  Motion to Seal Non-Public Financial Information, pursuant to Local Civil Rule 5.3(c) and the

Stipulation and Order Governing the Protection and Exchange of Confidential Material (the

"Confidentiality Order"), entered in this matter (ECF No. 120).[1] In addition to this Memorandum

of Law, Wellington submits the Declarations of Jeffrey Maletta dated June 15, 2015 ("Maletta

Decl.") and Edward Steinborn dated June 15, 2015 ("Steinborn Decl.").


## PRELIMINARY STATEMENT

Wellington seeks intervention for the limited purpose of protecting certain confidential,

non-public financial information contained in three exhibits filed by Plaintiff in connection with

their Motion for Partial Summary Judgment.  Intervention is generally granted to permit outside

parties to protect confidential information.  Counsel for both Plaintiffs and Defendants have

stated that they do not object to Wellington's participation for this purpose.

Wellington asks this Court (1) to seal three documents ("Wellington Documents")

containing confidential, non-public information concerning Wellington that have been filed by

Plaintiffs as Exhibits 21-23 to the Declaration of Arnold Lakind filed in connection with their

Motion for Partial Summary Judgment and (2) to direct the parties to redact that information

derived from the Wellington Documents from the Memorandum of Law in Support of Plaintiffs'

Motion for Partial Summary Judgment (the "Memorandum of Law") and in Plaintiffs' Statement

of Material Facts Not In Dispute In Support of Their Motion for Partial Summary Judgment (the

---

[1]  All references to docket numbers take the form "ECF No. ___" and, unless otherwise noted,
refer to the docket in *Kasilag v. Hartford Inv. Servs., LLC*, No. 11-01083 (D.N.J. Nov. 14, 2011).

"Rule 56.1 Statement").  As set forth in detail in the Declaration of Wellington's CFO, Edward

Steinborn, and  described below at pages 8-10 the Wellington Documents contain confidential

information relating to Wellington's revenues and costs, which, if made public, would prejudice

Wellington's competitive standing in its business.  Steinborn Decl. ¶ 11-14.  There are no

compelling factors that favor disclosure, and there would be no prejudice to any party to this

litigation from protecting Wellington's information.  Sealing the Wellington Documents and

redacting references to information derived from them from public filings is the least restrictive

means possible to protect Wellington's interests.

Wellington acts as a sub-adviser to certain registered investment companies ("Hartford

Funds") managed by Defendants Hartford Investment Financial Services Company, LLC

("HIFSCO") and Hartford Funds Management Company, LLC ("HFMC" and, together with

HIFSCO, "Hartford").  The issues in this case relate to fees paid to the Hartford by the Harford

Funds, not the fees received by Wellington.

Wellington is not a party to this action.  Wellington and other third parties are

nonetheless protected by the terms of the Confidentiality Order entered by the Court, pursuant to

Federal Rule of Civil Procedure 26(c) and with the Parties' consent, to facilitate discovery and to

protect the Parties' sensitive and proprietary information produced in this case.  *See*

Confidentiality Order ¶¶ 2-4.  The Confidentiality Order permitted parties and third persons

producing documents to designate documents and information "Confidential" and "Attorneys

Eyes Only."  *Id*.

The three Wellington Documents in question were provided on a confidential basis to the

Board of Directors of the Hartford Mutual Funds at the Board's request.  They were provided

with the express request that they and the information contained in them be maintained in

2

confidence and provided only to the Directors and their separate independent counsel.  Steinborn

Decl. ¶ 8.  The documents have not been provided to the Hartford Defendants.  *Id*.

Wellington has not produced the Wellington Documents in discovery in this case.

Plaintiffs obtained copies of these Wellington Documents in discovery from the Hartford

Directors.  Maletta Decl. ¶ 4.  Wellington understands that when the documents were produced

by the Directors they were designated "Attorney's Eyes Only" under the protective order.

Maletta Decl. ¶ 5 and Exhibit A thereto.

This motion seeks to seal only the three Wellington Documents containing competitively

sensitive, non-public financial information and to redact references in the public filings that

disclose information derived from the Wellington Documents.

**ARGUMENT**

**A.**     **INTERVENTION IS APPROPRIATE TO ALLOW WELLINGTON TO PROTECT ITS CONFIDENTIAL FINANCIAL INFORMATION**

Courts have regularly allowed persons who are not parties to a case to intervene to

protect confidential information that the parties have obtained through discovery.  Intervention is

appropriate under Rule 24(b) of the Federal Rules of Civil Procedure, which provides:

(b) Permissive Intervention

(1) In General. On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or

fact.

Here Wellington has an interest in protecting its confidential business information.

Although the issues raised by Wellington's claim of confidentiality are similar to claims of

3

confidentiality that may be raised by the Defendants, Wellington's interests will not be protected by either Plaintiffs or Defendants in this case.

Wellington's claim of confidentiality meets the Rule 24(b) standard for "a common question of law or fact" with the main action.  Fed. R. Civ. P. 24(b).  The Third Circuit employs a relaxed Rule 24(b) standard when a party seeks to intervene for the purpose of modifying protective or confidentiality orders rather than to participate in the litigation.  *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994).  The Third Circuit in *Pansy* adopted the reasoning of the Ninth Circuit:

> [S]pecificity, e.g., that the [intervenors'] claim involve ... the same legal theory [that was raised in the main action], is not required when intervenors are not becoming parties to the litigation. There is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order.

*Id.* (quoting *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992), *cert. den'd*, 506 U.S. 868, 113 S. Ct. 197, 121 L.Ed.2d 140 (1992).  Using this reasoning, the court in *Pansy* found that a newspaper intervening to challenge the validity of an Order of Confidentiality entered in the main action met the "common question" requirement of Rule 24(b).  In doing so, the Third Circuit aligned itself with numerous other courts "that have held that the procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action."  *Id.*

Courts in the Third Circuit have expanded this relaxed Rule 24(b) requirement to encompass interveners attempting to protect confidential information.  For example, in *United States v. Dentsply International, Inc.*, the District Court for the District of Delaware allowed a dental supply company to intervene solely to advocate for a protective order guarding

4

confidential business information it had produced in response to a Civil Investigation Demand during an antitrust investigation.  *See* 187 F.R.D. 152, 157 (D. Del. 1999).  In that case, the Department of Justice requested documents from several companies later acquired by the intervener, Henry Schein, Inc.  *See id.*  The companies had produced financial forecasts, pricing information, and information concerning distribution agreements with vendors.  *See id.*  Citing the Third Circuit's relaxed 24(b) standard from *Pansy*, the court allowed Schein to intervene: "Understandably motivated by a desire to protect its confidential information, Schein seeks to share its views on the provisions of any protective order governing this litigation."  *Id.*

The issue in the current case contains analogous facts.  Wellington seeks to intervene in this case for the sole purpose of protecting its confidential financial information.  Under the Rule 24(b) standard adopted by the Third Circuit, Wellington should be permitted to intervene for this purpose.

Wellington's Intervention will not in any way delay these proceedings.  The issue will be decided together efficiently in connection with proceedings relating to the sealing of other materials.

**B.    THE WELLINGTON DOCUMENTS CONTAIN CONFIDENTIAL INFORMATION ENTITLED TO PROTECTION AND SHOULD BE SEALED**

Information may be sealed on a showing of "good cause."  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994); *see also Goldenberg v. Indel, Inc.*, No. 09-5202, 2012 U.S. Dist. LEXIS 479, at *4 (D.N.J. Jan. 3, 2012).  "Good cause" exists to seal information "when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury."  *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995); *see also Pansy*, 23 F.3d at 786; *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984).

Courts regularly protect confidential business information when there is a possible competitive impact.  *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing[.]") (citations omitted); *see also Republic of Philippines v. Westinghouse Electric Corp.*, 949 F.2d 653, 662 (3d Cir. 1991); *Vista India, Inc. v. Raaga, LLC*, No. 07-1262, 2008 U.S. Dist. LEXIS 24454, at *10-11 (D.N.J. Mar. 27, 2008); *Zenith Radio Corp. v. Matsushita Electric Indus. Co.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981). On these grounds, numerous courts within the Third Circuit have found good cause to seal non-public financial information—including revenue and cost information—to protect a litigant's competitive standing.  *See, e.g.*, *Goldenberg*, 2012 U.S. Dist. LEXIS 479, at *7-11 (sealing "financial spreadsheets showing calculations of payments made"); *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, No. 03-6025, 2007 U.S. Dist. LEXIS 51828, at *16-18 (D.N.J. July 18, 2007) (sealing "cost and profit information") (emphasis added); *Zenith*, 529 F. Supp. at 906-08.

This Court's Local Civil Rule 5.3(c)(2) governs the process for sealing documents and sets out the factors to be weighed in determining whether the materials should be sealed.  Those factors are (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available.  L. Civ. R. 5.3(c)(2); *see also Overton v. Sanofi-Aventis U.S., LLC*, No. 13-05535, 2014 U.S. Dist. LEXIS 48945, at *2 (D.N.J. Apr. 9, 2014) (Arpert, M.J.) (granting motion to seal).[2]

---

[2] The Third Circuit has provided a list of factors that "are neither mandatory nor exhaustive" relevant to the "good cause" analysis:  1) whether disclosure will violate any privacy interests; 2) whether the information is being sought for a legitimate purpose or for an improper purpose;

Application of the Local Rule 5.3(c)(2) factors demonstrates that the Court should grant the Motion to Seal the Wellington Documents.

**(a)     The Information At Issue Is Non-Public, Confidential Data Reflecting Wellington's Revenues And Costs.**

The information Wellington seeks to protect is readily identifiable: it appears in the Wellington Documents which are Exhibits 21-23 to the Lakind Declaration filed in support of Plaintiff's Motion for Partial Summary Judgment, and references to that information in Defendants' Memorandum of Law and Rule 56.1 Statement.  This commercially sensitive financial information includes revenue and cost information for Wellington's advisory business. Wellington is a private partnership.  Steinborn Decl. ¶ 2.  This information is not available publicly, and Wellington has consistently protected this information from disclosure.  It has been provided directly to the Hartford Directors and not to Hartford.  *See* Steinborn Decl. ¶ 9.  It is also not disseminated within Wellington.  The Wellington Documents themselves request that the information be treated confidentially, and the Documents were properly designated "Attorney's Eyes Only" under the terms of the Confidentiality Order when produced.  Maletta Decl. ¶ 5.

**(b)     Wellington Has A Legitimate Interest In Sealing Its Financial Information To Prevent Harm To Its Competitive Standing And There Is No Countervailing Public Interest.**

Both public and private interests militate against public disclosure of confidential financial information that may injure a litigant's competitive standing and economic viability.

---

3) whether disclosure of the information will cause a party embarrassment; 4) whether confidentiality is being sought over information important to public health and safety; 5) whether the sharing of information among litigants will promote fairness and efficiency; 6) whether a party benefitting from the order of confidentiality is a public entity or official; and 7) whether the case involves issues important to the public.  *Glenmede*, 56 F.3d at 483; *see also Pansy*, 23 F.3d at 787-91.  In practice, courts tend to analyze these factors concurrently with those set out in Local Civil Rule 5.3(c)(2).  *See, e.g., Goldenberg*, 2012 U.S. Dist. LEXIS 479, at *4-12.

*See, e.g.*, *Nixon*, 435 U.S. at 598; *Bracco*, 2007 U.S. Dist. LEXIS 51828, at \*16 (citing L. Civ. R. 5.3(c)(2)(b)).

District courts within the Third Circuit have repeatedly acknowledged litigants' "legitimate private interest" in sealing confidential information concerning "revenue, expenses, profits [and] losses" because they "may suffer a competitive disadvantage if such information were disclosed to the public." *Erwin v. Waller Capital Partners, LLC*, No. 10-3283, 2012 U.S. Dist. LEXIS 114169, at \*5-6 (D.N.J. Aug. 14, 2012); *see also, e.g., Pearson*, 2012 U.S. Dist. LEXIS 59994, at \*14-15 (D.N.J. Aug. 14, 2012) (sealing information due to party's "strong interest in keeping its non-public financial information" confidential); *Zenith*, 529 F. Supp. at 890-92. Bracco 2007 U.S. Dist. LEXIS 51828, at \*16 (emphasis added) (citing L. Civ. R. 5.3(c)(2)(b)).

Wellington has a significant and legitimate private interest in maintaining the confidentiality of its financial information. The information in the Wellington Documents contains unique revenues and costs of Wellington's advisory business, and revenues derived from Wellington's relationship with all of the Hartford Funds it subadvises. Steinborn Decl. ¶ 11. Disclosure of this non-public financial data will provide competitors and counterparties with otherwise unavailable sensitive financial information, and allow them to strategize accordingly, disadvantaging Wellington's position in the marketplace. *See* Steinborn Decl. ¶ 11-12.

While caselaw and Local Rules balance a party's privacy interests against the public interest of disclosure, *see Pansy*, 23 F.3d at 787, here the public has <u>no</u> interest in the cost and revenue numbers of a private partnership. The public does not have any legitimate interest in Wellington's internal financial information. *Grant Heilman Photography, Inc. v. Pearson Educ., Inc.*, No. 11-4649, 2012 U.S. Dist. LEXIS 59994, at \*22-24 (E.D. Pa. Apr. 30, 2012) (granting

motion for protective order on grounds that public does not have any "'right to know" a company's private financial data); *see also Erwin*, 2012 U.S. Dist. LEXIS 114169*, at \*5-6 (sealing internal financial "information which a competitor might be curious about but not the general public").

**(c)    Failure To Seal The Confidential Financial Information Threatens Serious Competitive Injury To Wellington.**

"District Courts in the Third Circuit have . . . repeatedly found serious harm in disclosing financial information which would injure a party's standing in the competitive marketplace." *Goldenberg*, 2012 U.S. Dist. LEXIS 479, at \*8-9.  *See Pearson*, 2012 U.S. Dist. LEXIS 59994, at \*15 (emphasis added).

Here, disclosure of Wellington's confidential revenue and cost information would provide competitors with the ability to assess the extent to which Wellington's profits derive from an important business segment, and would reveal the strengths and weaknesses of Wellington's business model.  *See* Steinborn Decl. ¶ 11.  Competitors and counterparties including other firms with whom Wellington has a subadvisory relationship would be able to gauge Wellington from certain lines of business, and using other sources could develop competitive negotiating strategies to disadvantage Wellington.  Steinborn Decl. ¶ 12.  For example, Hartford's non-public, internal costs information is of particular interest to competitors, who could use the data to pinpoint clients.  *See, e.g.*, *Bracco*, 2007 U.S. Dist. LEXIS 51828, at \*16-18; *Goldenberg*, 2012 U.S. Dist. LEXIS 479, at \*7-11.  This information would give competitors an advantage in competing against Wellington for new business and existing Wellington clients.  It would also give persons negotiating contracts with Wellington an advantage, as they would gain insight into Wellington's willingness to enter into differing arrangements.  Steinborn Decl. ¶ 12.

9

In addition, this information is maintained confidentially within Wellington. Wellington's ability, as a privately held firm, to keep its financial information confidential even within Wellington gives it a competitive advantage over its publicly traded competitors. Steinborn Decl. ¶ 13.  That advantage extends to its expense and capital structure as well as its profitability.  The ability to maintain the confidentiality of its financial information internally as well as externally is a foundation of Wellington's culture and Wellington believes that this enhances Wellington's ability to attract and retain employees.  *Id.*  To maintain this culture, Wellington maintains a single income statement – it neither tracks nor shares information about the profitability of accounts, products, clients, lines of business or geographic regions. Steinborn Decl. ¶ 14. Wellington believes that this is similarly important to the firm's culture and long-term success in motivating partners and employees to focus on the firm's goal of meeting the expectations of all of Wellington's clients.  The public release of the Wellington Documents would damage that key element of the firm's culture and the advantages it provides.  Steinborn Decl. ¶ 14.

> **(d)** **No Less Restrictive Alternative To Sealing Is Available.**

Wellington seeks only to seal the three Wellington Documents and to redact the non-public information derived from those Documents from the Memorandum of Law and Rule 56.1 Statement.  Redacting portions of the Exhibits from the documents is impractical as they are brief and consist principally of the financial information itself and an explanation of methodology.   There is no "less restrictive alternative" than sealing the Wellington Documents. On the other hand, redacting the information derived from the Wellington Documents from the Memorandum and other papers is feasible and appropriate as it is mentioned in only a small portion of these papers.  *See, e.g., Wolpert v. Abbott Labs.*, No. 08-4849, 2011 U.S. Dist. LEXIS 33173, at *5-6 (D.N.J. Mar. 25, 2011) (finding redaction of financial information preferable to

10

wholesale sealing); *Houston v. Houston*, No. 08-5530, 2010 U.S. Dist. LEXIS 59028, at \*3-4

(D.N.J. June 14, 2010); *Mosaid Techs. v. LSI Corp.*, 878 F. Supp. 2d 503, 505, 513 (D. Del.

2012).  Sealing and redaction of the information described above is the only practicable means of

preventing public disclosure and unwarranted competitor access to the data.

<u>CONCLUSION</u>

For the foregoing reasons, Proposed Interveners respectfully request that the Court grant

their Motion to Intervene and Seal Non-Public Financial Information and enter the proposed

Order submitted herewith.


Dated:  June 15, 2015

K&L GATES LLP

By:  /s/ Christopher A. Barbarisi
Christopher A. Barbarisi
One Newark Center, Tenth Floor
Newark, NJ 07102
(973) 848-4000

K&L GATES LLP
Jeffrey B. Maletta
1601 K Street, NW
Washington, DC  20006-1600
(202) 778-9000

*Attorneys for Proposed Interveners*
*Wellington Management Group LLP and*
*Wellington Management Company LLP*

11