# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER L. KASILAG, et al. | *Document Electronically Filed* |
| Plaintiffs, | |
| vs | **Civ. A. No. 11-cv-1083 (RMB/KMW)** |
| HARTFORD INVESTMENT FINANCIAL SERVICES, LLC, | |
| Defendant. | **Judge: Renee Marie Bumb, J., U.S.D.C.** |

_____

## PLAINTIFFS' *IN LIMINE* REPLY BRIEF
_____

SZAFERMAN, LAKIND,
BLUMSTEIN & BLADER, P.C.
Arnold C. Lakind
Daniel S. Sweetser
Robert L. Lakind
Mark A. Fisher
101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
Tel: (609) 275-0400
Fax: (609) 275-4511

ZWERLING, SCHACHTER
& ZWERLING, LLP
Robin F. Zwerling *(pro hac vice)*
Jeffrey C. Zwerling *(pro hac vice)*
Susan Salvetti *(pro hac vice)*
Andrew W. Robertson *(pro hac vice)*
41 Madison Avenue
New York, NY 10010
Tel: (212) 223-3900
Fax: (212) 371-5969

*Attorneys for Plaintiffs*

2320238.3

## TABLE OF CONTENTS

1. Evidence with Regard to Other Agreements is Irrelevant ................................ 1

2. Defendants' Comparative Fee Evidence is Unreliable and Irrelevant ............ 4

3. Dr. Cooper's Testimony is Inadmissible ........................................................ 5

2320238.3

## TABLE OF AUTHORITIES

### Cases

*Bourjaily v. United States*,
    483 U.S. 171 (1987)..................................................................................................4

*Cayuga Indian Nation of N.Y. v. Pataki*,
    83 F. Supp. 2d 318 (N.D.N.Y. 2000) ............................................................................4

*Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*,
    528 F. Supp. 1038 (S.D.N.Y. 1981)
    *aff'd* 694 F.2d 923 (2d Cir. 1982)
    *cert. den.* 461 U.S. 906 (1983) .....................................................................................3

*Gartenberg v. Merrill Lynch Asset Mgmt.*,
    694 F.2d 923 (2d Cir. 1982) ........................................................................................ 2

*Jones v. Harris Associates L.P.*,
    559 U.S. 335 (2010).............................................................................................*passim*

*Krinsk v. Fund Asset Mgmt., Inc.*,
    715 F. Supp. 472 (S.D.N.Y. 1988) ..........................................................................2, 3

*Operating Local 649 Annuity Trust Fund v.*
    *Smith Barney Fund Mgmt. LLC*,
    595 F.3d 86 (2d Cir. 2010) ..........................................................................................4

*Shalala v. Guernsey Mem'l Hosp.*,
    514 U.S. 87 (1995)......................................................................................................5

### Federal Rules

Fed. R. Evid. 104(b)............................................................................................................4

## Other Authorities

1 McCormick On Evid. § 53 (7th ed.) ........................................................................4

2320238.3

Plaintiffs submit this reply brief in response to "Defendants' Opposition to Plaintiffs' Motions *in Limine*."

## 1. Evidence with Regard to Other Agreements is Irrelevant

Defendants concede that Plaintiffs may challenge the fees under HFMC's Investment Management Agreement in isolation; they need not challenge or offer evidence with regard to Defendants' total fee. (Db1)  In an implicit acknowledgement of their inability to justify HFMC's investment management fee, Defendants seek to defend that fee by offering evidence of compensation and costs associated with other service arrangements governed by separate, fully-integrated contracts with the Funds. T736:24-737:5; T813:2-4; T814:5-815:4; T817:2-17 (Meyer); JX-144, ¶ 15; JX-163, ¶ 15; JX-168, ¶ 11; JX-174, Article I (HIF-28066). *See also* JX-28A at p. 30 of the PDF (A similar report exists for each fund for every year). Evidence with regard to the financial aspects of these other arrangements has no probative value and is inadmissible.

The parties agree that a Court must consider "all surrounding circumstances" in a §36(b) case.   They disagree however as to whether the "surrounding circumstances" are confined to those circumstances related to the specific fee challenged, here the management fee, or encompass financial information with regard to all fees charged.   The most significant costs incurred by Defendants are those under the separate distribution contract. JX-174.  Defendants do not appear to dispute Plaintiffs' reading of the case law and SEC pronouncements which prohibit an adviser from seeking to justify its management fee by consideration of

distribution expenses.  Instead, Defendants argue that Plaintiffs may not move to exclude distribution-related evidence because Plaintiffs stipulated to the admission of joint exhibits, Db5, but in making this argument Defendants omit several key facts.  First, the final Pre-Trial Order ("PTO") preserves objections to joint exhibits.  It provides that "[a]ll exhibits on the Joint Exhibit List are admitted into evidence" but that "[a]ny party may argue that any Joint Exhibit: (a) is not credible, (b) is inaccurate,  (c) lacks probative value and/or (d) for any reason should not be given weight by the Court." Dkt. No. 212, p. 33.  Second, Plaintiffs stated in the PTO that they were moving *in limine* to exclude evidence of distribution expenses. Dkt. No. 212, p. 37.  Third, during the trial, the Court explicitly preserved Plaintiffs' *in limine* objections. T291:4-294:9, T1103:5-10.  Plaintiffs nonetheless reiterated their objections to distribution-related evidence on several occasions during the trial.  T72:8-73:14, T311:1-13, T506:23-507:1.

    The remaining evidence offered by Defendants relates to costs incurred for accounting and transfer agency services. These expenses, which are relatively insignificant (Db3), are paid for by separate fees under separate contracts.  JX-163, JX-168, *See also* JX-28A at p. 30 of the PDF.

    In arguing for the admission of evidence with regard to separate fees, Defendants misconstrue *Jones v. Harris Assocs. L.P.*, 559 U.S. 335 (2010), *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 694 F.2d 923 (2d Cir. 1982) and *Krinsk v. Fund Asset Mgmt., Inc.*, 715 F. Supp. 472 (S.D.N.Y. 1988).   In *Jones*, when discussing "surrounding circumstances," the Supreme Court refers to those circumstances affecting "a particular fee agreement…." *Jones,* 559 U.S at 351.

*See also, id* at 346 "all circumstances affecting the agreement," (i.e., singular); and *id,* at 346-47:

> [T]o face liability under § 36(b), an investment adviser must charge a fee **[i.e., singular fee]** that is so disproportionately large that it bears no reasonable relationship to the services rendered….
>
>     \*  \*  \*  \*
>
> The essence of the test is whether or not under **all the circumstances the transaction** [**i.e., singular transaction**] carries the earmarks of an arm's length bargain. If it does not, equity will set it aside.

Nor do any of the *Gartenberg* decisions support Defendants. The affiliate's costs in *Gartenberg* were part of the advisory service defrayed by the advisory fee and were not the subject of a separate agreement or fee arrangement:

> In sum, it appears that MLPF&S provides an essential portion of the total package of services that may properly be compensated by the advisory fee. Certainly Merrill Lynch's own internal actions demonstrate that it believed this to be the case, since for the past two years it has required MLAM to reimburse MLPF&S for estimates of its costs in processing Fund orders, based on the lowest internal estimates thereof.

*Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 528 F. Supp. 1038, 1049 (S.D.N.Y. 1981) *aff'd* 694 F.2d 923 (2d Cir. 1982) *cert. den.* 461 U.S. 906 (1983). Here, there are separate agreements with separate fee structures.

Finally, the language which Defendants cited at Db2 from *Krinsk,* 715 F. Supp. at 486 omits the preceding sentence from that opinion:

> This suit differs from those brought in this Court under § 36(b) on prior occasions. For the first time, the Court is presented with a challenge to fees paid by a fund embedded in a central asset account.

Moreover, all of the cases upon which Defendants rely predated *Jones,* and the "[1994] SEC amendments that require separate categorization of management fees,

3

2320238.3

distribution fees and other fees – amendments that highlight the importance of the accurate categorization of these expenses." *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 95 (2d Cir. 2010).

**2.      Defendants' Comparative Fee Evidence is Unreliable and Irrelevant**

Although it is Plaintiffs' burden to prove by a preponderance of the evidence that HFMC breached its fiduciary duty under the "disproportionately large" standard of liability, this does not relieve Defendants of their burden, as the proponent of any item of evidence, to demonstrate its admissibility.  Rule 104(b) provides that, "[w]hen the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist." *See also Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("The inquiry made by a court concerned with these matters is not whether the proponent of the evidence wins or loses his case on the merits, but whether the evidentiary Rules have been satisfied. Thus the evidentiary standard [for admissibility] is unrelated to the burden of proof on the substantive issues…."); *See also Cayuga Indian Nation of N.Y. v. Pataki*, 83 F. Supp. 2d 318, 322 (N.D.N.Y. 2000); 1 McCormick On Evid. § 53 (7th ed.).  Since Dr. Hubbard testified that he did not know if any of the peer funds he used for his analysis had advisory fees negotiated at arm's length, (T1056:1-1057:8 (Hubbard)), his testimony is inadmissible.

Defendants' argument that the parties Joint Stipulation renders the Lipper analysis admissible (Db7-8) is addressed at p. 2 above. *See also* T759:16-760:23; T967:17-23, T975:14-976:6.

4

2320238.3

### 3. Dr. Cooper's Testimony is Inadmissible

Defendants may misconceive Plaintiffs' argument. Mr. Barrett did testify that under GAAP most advisers treat sub-advisory fees as an expense. This is not surprising because it is in the adviser's interest to do so in order to justify a higher fee. *Cf. Jones,* 559 U.S. 350-51 ("[C]ourts should not rely too heavily on comparisons with fees charged to…funds by other advisers. These comparisons are problematic because these fees, like those challenged, may not be the product of negotiations conducted at arm's length.") However, Mr. Barrett did not testify that sub-advisory fees **should** be treated in this manner when assessing whether HFMC fulfilled its fiduciary duty. Instead, he testified that principles of management accounting require that a fiduciary treat sub-advisory fees as contra-revenue.

No evidence rule allows the admission of an industry practice in itself as probative of what is the proper treatment of sub-advisory fees. As a result, Defendants seek to use Dr. Cooper to argue that such treatment is allegedly allowed by GAAP. However, "GAAP do[es] not necessarily parallel economic reality. … GAAP is not the lucid or encyclopedic set of pre-existing rules that the dissent might perceive it to be…." *Shalala v. Guernsey Mem'l Hosp.*, 514 U.S. 87, 100-01 (1995). *See also, id.* at 92-93. Thus, how an expense should be treated is a legal question. Further, what Plaintiffs are arguing is that Dr. Cooper failed to do the analysis necessary to make his opinion on GAAP, even if relevant, admissible.

| | |
|---|---|
| Dated: January 3, 2017 | By: /s/Arnold C. Lakind |
| | Arnold C. Lakind |